*MASON et al., respondents, v. GERMAINE et al., appellants.

PRACTICE— *appeal bond to supreme court of United States.* The bond on appeal from this court to the supreme court of the United States is the same as that required by the laws of congress and the rules of the supreme court of the United States on appeals from the circuit court to the said supreme court.

PRACTICE— *conditions of bonds on appeal to stay execution of judgment.* The execution of a judgment for the sale of property to satisfy mechanics' liens is not stayed on appeal to the supreme court of the United States, unless the bond on such appeal is conditioned according to law, and executed to the respondents, and sufficient in amount to secure the liens decreed, the costs of suit, the damages for the delay and detention of the property and the costs and interest on the appeal.

THE facts appear in the opinion of the court.

SHOBER & LOWRY, W. F. SANDERS and CHUMASERO & CHADWICK for motion for a remittitur.

The bond required by the last clause of the judiciary act must be sufficient to secure the whole judgment in case it should be affirmed, if the writ of error operates as a supersedeas. 1 U. S. Stats. at Large, 84, 404; *Catlett* v. *Brodie,* 9 Wheat. 553; *Stafford* v. *Union Bank of Louisiana,* 16 How. 135.

No bond has been given in this case to secure any part of the judgment, if it is affirmed. The writ of error does not operate as a supersedeas; and the remittitur follows as a matter of law.

---

*The original case is reported on page 263.

This is the proper court to apply to for the purpose of having the decree carried into effect. *Stafford* v. *Union Bank of Louisiana*, 17 How. 275.

E. W. & J. K. TOOLE, against the motion.

This motion should have been made in the supreme court of the United States. The court from which the appeal is taken cannot act in the first instance. The motions for a remittitur, in all the cases cited, were made in the supreme court of the United States.

The question of the sufficiency of an undertaking to operate as a supersedeas, where the citation, bond, etc., are given within the time, and allowed by the proper authority, must be determined by the court to which the appeal is taken.

Appellants have a right to amend their undertaking if defective. *Catlett* v. *Brodie*, 9 Wheat. 553. By granting a remittitur, this court would deprive appellants of a right to amend their bond, and they would have no redress.

SYMES, J. This case came up on appeal, and the judgment below was affirmed at the August term of this court, and an appeal was taken to the supreme court of the United States. A motion is now made for a remittitur to the court below, to execute the judgment, on the ground that the bond, on appeal from this court, is not sufficient to stay the execution of the judgment. The case is one brought under the mechanics' lien law, to enforce liens to the amount of about $20,000, for the construction of a large brick hotel, and the bond given to supersede the execution of the judgment, during the pendency of the appeal, in the sum of $25,000, in addition to a bond for costs, is conditioned only that the obligors will answer all damages to the hotel building caused by waste or fire, during the possession of the same by appellants, not exceeding said sum.

Respondents, for the motion, contend that the bond should be for the payment of the whole amount of the

judgment in case of affirmance. Appellants, against the motion, contend that it is an appeal only from that portion of the judgment decreeing the enforcement of the liens, and ordering sale of the property therefor, and only required such a bond.

The supreme court of the United States have held that, to supersede a judgment on writ of error or appeal, the bond must be sufficient to secure the whole amount of the judgment, damages for delay, and costs. *Catlett* v. *Brodie*, 9 Wheat. 552; *Stafford et al.* v. *Bank of Louisiana*, 16 How. 139.

In the latter case, holding that, although it was an appeal in equity, and the property was in the hands of a receiver, the bond should be the same, sufficient to secure the judgment. But the supreme court, at the December term, 1867, adopted a rule providing the bonds that should be given on writs of error and appeals. See 32d Sup. Ct. Rule.

The rule provides that in all suits where the property in controversy necessarily follows the event of the suit, as in real actions, replevin, and suits on mortgages, indemnity in such cases shall only be required in an amount sufficient to cover amount recovered for use of the property, costs of suit and damages for delay, and costs and interest on the appeal; and conditioned that the appellant will prosecute his writ of error or appeal to effect, and answer damages if he fail to make his plea good.

The appeal in this case to this court, and after affirmance from this court, was from the whole judgment of the court; but the bond given in the court below, and since in this court, was not intended to stay the personal judgment against defendants, but only that portion of the judgment decreeing the sale of the property to satisfy the liens. The bond on appeal to this court was given in accordance with section 336, Civil Code, which provides the bond to be given in such cases.

But the bond on appeal from this to the supreme court of the United States must be in accordance with the law and practice provided by congress and the rules of the

supreme court of the United States on appeals from the circuit courts of the United States to the supreme. court thereof.

Is the bond filed in this case in accordance with the said rule of the supreme court, adopted in accordance with the laws of congress?

The bond is filed to supersede or stay the execution of a decree for the sale of real property, which property necessarily follows the event of the suit. The bond should then provide for an amount to secure the liens recovered, if any, for detention of the property, the costs of suit, just damages for delay, and costs and interest on appeal, and be executed to the respondents or appellees, and conditioned as required by said rule.

The bond in this case is not executed to respondents; does not provide for damages for delay, or detention of the property, nor for costs and interest on appeal, and is not conditioned as prescribed by law, and it is insufficient to stay the execution of the judgment.

The court orders that a remittitur issue from this court to the court below to execute the judgment, unless the appellants within twenty days file a legal bond in accordance with the law as stated in this decision.

*Remittitur granted.*